## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**LUNDY J. DUKES,** *pro se,*

    **Plaintiff,**

**v.**                                          **Case No.  8:10-cv-1109-T-30MAP**

**FRED RATH, et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Fred Rath, Sr. and Fred Rath, Jr.'s Motion for Summary Judgment (Dkt. 37), pro se Plaintiff Lundy J. Dukes's Motion for Summary Judgment (Dkt. 31), and the respective responses in opposition. Upon consideration, the Court concludes the Defendants' motion should be granted and Plaintiff's motion should be denied.

Plaintiff filed his original complaint asserting a cause of action for race discrimination, in violation of 42 U.S.C. § 1981, related to his lease of an apartment with Rath/Harper & Associates, Inc.. He alleged that the lease as written included a rental price of $510.00. That amount was to be reduced upon Plaintiff's proof of his fixed income due to disability. According to Plaintiff, when presented with the proof of income, the property manager refused to lower the rent. Plaintiff alleges that the reduction was refused because he is black. He asserts that other white residents are treated differently.

Before Plaintiff served any of the named defendants, he filed an amended complaint, as permitted by Federal Rule of Civil Procedure 15(a). In the amended complaint, Plaintiff seeks to invalidate the lease at issue. He claims that the contract is void because he is infirm. By amending his complaint, Plaintiff abandoned his earlier claim under § 1981.

The validity of this lease at issue here has already been determined by the Hillsborough County Court in an eviction action brought by Rath/Harper & Associates, Inc. against Plaintiff. Plaintiff had an opportunity to challenge the validity of the lease during the county court case. The issue is now barred by *res judicata*.

In addition to his claim related to the lease, Plaintiff attempts to assert a claim for damages for the poor treatment of his mother, Elizabeth Dukes. However, a plaintiff cannot be awarded damages for another's injuries. See Fed. R. Civ. P. 17(a).

Plaintiff also moves for summary judgment apparently on the grounds that Defendants filed a unilateral case management report. Plaintiff's arguments are not proper grounds for summary judgment. Moreover, Defendants filed the unilateral case management report pursuant to this Court's order of February 7, 2011 (Dkt. 22), in which the Court ordered each party to file separate case management reports within fifteen days of the order. Defendants are in full compliance with the Court's order.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Fred Rath, Sr. and Fred Rath, Jr.'s Motion for Summary Judgment (Dkt. 37) is **GRANTED**.

2. Plaintiff Lundy J. Dukes's Motion for Summary Judgment (Dkt. 31) is **DENIED**.

3. The Clerk is directed to enter judgment in favor of Defendants Fred Rath and Fred Rath, Jr. and against Plaintiff Lundy J. Dukes.

**DONE** and **ORDERED** in Tampa, Florida on April 27, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1109 msjs 31, 37.frm